**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4352**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS FRANKLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:05-cr-000192-REP-1)

Submitted: December 15, 2018                    Decided: December 20, 2018

Before MOTZ, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Stephen David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Franklin appeals the district court's order revoking his supervised release and sentencing him to 24 months in prison. Counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), claiming that the sentence is plainly unreasonable but stating that there are no meritorious issues for appeal. Although Franklin was advised of his right to file a pro se brief, he has not filed such a brief. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). Franklin's sentence does not exceed the applicable statutory maximum. The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether it is "plainly" so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [2012] factors." *Id.* at 207. "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Franklin's sentence is procedurally and substantively reasonable. The court correctly identified his policy statement range, considered the relevant statutory factors and gave sufficiently detailed reasons for selecting a sentence above that range. Among other things, Franklin had proven on several occasions to be unable to abide by the terms of supervision. The court was concerned about his repeated breach of the court's trust, his need for drug treatment and the need for deterrence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Franklin, in writing, of the right to petition the Supreme Court of the United States for further review. If Franklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Franklin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*